IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN DAVID RAGLAND, #1290652,<br>   Petitioner, | )<br>)<br>) |
| v. | )  3:08-CV-1058-L |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>   Respondent. | )<br>)<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas. Respondent is the Director of TDCJ-CID. The court has not issue process in this case pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of unlawful possession of a firearm by a felon, enhanced by two prior felony convictions in the 422nd Judicial District Court, Kaufman County, Texas, in Cause No. 23266-422. (Petition (Pet.) at 2). Punishment was assessed at ninety-nine years imprisonment. (*Id.*). The Court of Appeals

affirmed his conviction and sentence. *See Ragland v. State*, No. 05-05-0213-CR (Tex. App. -- Dallas, Mar. 31, 2006, pet. ref.). The Texas Court of Criminal Appeals (TCCA) refused a petition for discretionary review on August 30, 2006. *See* No. PD-0694-06.[1]

On October 4, 2007, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure. *See* Attachment I (copy of Criminal Docket sheet from Kaufman County reflecting filing date in second box in top right hand corner). The TCCA denied the application without written order on the findings of the trial court without a hearing on January 9, 2008. *Ex parte Ragland*, No. WR-68,700-02, http://www.cca.courts.state.tx.us/opinions /Case.asp?FilingID =256607.

In his federal petition, filed on June 24, 2008, Petitioner raises fourteen grounds for habeas relief: (1) erroneous state habeas ruling error; (2-7, 12) ineffective assistance of trial counsel; (8, 13) prosecutorial misconduct; (9-11) improper enhancement of sentence; and (14) trial court error.[2]

---

[1] The docket sheets for Petitioner's direct appeal and petition for discretionary review are available at the following internet addresses: http://www.courtstuff.com/FILES/05/05/05050213.HTM, and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=243040.

[2] For purposes of this recommendation, the petition is deemed filed on April 22, 2008, the date Petitioner certifies signing and placing it in the prison mail, along with his motion for leave to proceed *in forma pauperis* and certificate of inmate trust account dated the same day. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing). The envelope scanned along with the federal petition bears a post mark of April 24, 2008, only two days after Petitioner handed his federal petition to prison officials. While the two-month gap between the date of mailing and the date of receipt/filing in this court) is suspiciously excessive, it appears to have been beyond Petitioner's control.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 210-11, 126 S.Ct. 1675, 1684-85 (2006).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's

---

[3] On June 27, 2008, the court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case should not be time barred or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response on July 24, 2008.

conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner's conviction became final for purposes of the one-year period on November 28, 2006, ninety days after the TCCA refused the petition for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2008); *Clay v. United States*, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). Contrary to Petitioner's assertion, the date of issuance of the mandate (October 17, 2006) does not determine when a conviction becomes final for purposes of the limitations period. *Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006), *cert. denied*, 127 S. Ct. 2909 (2007) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (mandate date does not control limitations analysis).

The one-year period began to run on November 29, 2006, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of October 4, 2007, the date on which Petitioner filed his art. 11.07 application, 309 days of the one-year limitations period had elapsed. The state application remained pending until its denial on January 9, 2008, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on January 10, 2008, and expired fifty-six days later on March 6, 2008. Therefore, the federal petition, deemed filed on April 22, 2008, is clearly untimely absent equitable tolling.[4]

---

[4] On February 5, 2008, following the denial of his art. 11.07 application, Petitioner filed a motion for reconsideration and/or for rehearing. *See Ex parte Ragland*, No. WR-68,700-02. On February 15, 2008, the TCCA made the following docket entry: "[n]o action necessary." *Id.* Even assuming Petitioner were entitled to statutory tolling for the ten-day period his motion for reconsideration was pending, the long delays in this case would render irrelevant any benefit of statutory tolling. *See Emerson v. Johnson*,

4

To the extent Petitioner requests equitable tolling, his request should be denied. This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner unduly delayed in filing his art. 11.07 application, waiting 309 days after his conviction became final. He delayed an additional 103 days following the denial of his state application before he submitted his federal petition to prison officials for mailing. Petitioner provides no explanation for these delays, which appear to have been of his own making. Such unexplained delays make the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"); *Basalo v. Cockrell*, 2003 WL 21961502, *4 -5, 3:02cv596-H (N.D. Tex., 2003) (accepting findings, conclusions and recommendation) (unexplained delay of eleven months between the date conviction became final and the date of filing of state petition did not warrant equitable tolling). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried

---

243 F.3d 931, 934-35 (5th Cir. 2001) (despite an apparent prohibition on motions for reconsideration or rehearing of habeas petitions, *see* Tex. R. App. 79.2, when the TCCA accepts . . . "[the] AEDPA's one-year statute is tolled during the period in which a Texas habeas petitioner has filed such a motion" and such tolling "lasts only as long as the Texas courts take to resolve the motion for reconsideration." ); *see also Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002) (following *Emerson*); *Hooks v. Quarterman*, 224 Fed. Appx. 352, 353-54 (5th Cir. 2007) (unpublished per curiam) (permitting statutory tolling although mot. for reconsideration or rehearing was filed but not considered by TCCA).

his burden of showing that equitable tolling is warranted, the District Court should in its discretion refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

Signed this 12th day of September, 2008.

```
                    WM. F. Sanderson, Jr.
```
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT I**