IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN DAVID RAGLAND, #1290652**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | |
| | § | |
| | § | Civil Action No. **3:08-CV-1058-L** |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is Ragland's Petition for Writ of Habeas Corpus, filed June 24, 2008. Pursuant to Special Order 3-251, the petition was referred to United States Magistrate Judge Wm. F. Sanderson, Jr., on June 24, 2006. On September 12, 2008, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. In Petitioner's Motion for Rehearing/Reconsideration, filed October 1, 2008, Petitioner makes objections to the Report.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. The magistrate judge found that Petitioner's conviction became final ninety days after the Texas Court of Criminal Appeals refused his petition for discretionary review and that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The magistrate judge also found that Petitioner failed to establish the requirements for equitable tolling.

Petitioner objects to the magistrate judge's findings and argues that an ambiguity exists about when a judgment becomes final for purposes of AEDPA because there is a split among the circuits and among the districts courts within this circuit with respect to this issue. Pet. Mot. Rehr'g 2.

**Order – Page 1**

According to Petitioner, some courts have held that a conviction becomes final thirty days after the court of appeals renders judgment while others have held that such a determination is made pursuant to state law, which provides that a conviction becomes final when the mandate issues. Petitioner contends that based on this split of authority, he had a "bone [sic] fide belief" that his conviction became final when the mandate issued. The court disagrees. In 2003, over three years before the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review of his conviction and sentence, the United States Court of Appeals for the Fifth Circuit resolved the inconsistency within the circuit. It held as follows:

> The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion direct review or the expiration of the time for seeking such review." We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the "conclusion of direct review" is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review." We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.

*Robert v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In light of this ruling, Petitioner could not have had a "bone [sic] fide belief" that his conviction became final when the mandate issued. Therefore, the court **overrules** this objection and **denies** Petitioner's Motion for Rehearing/Reconsideration, which is based on this argument.

Having reviewed the petition, file, record, and the Report in this case, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **dismisses with prejudice** the writ of habeas corpus.

**It is so ordered** this 16th day of October, 2008.

                                                        Sam A. Lindsay
                                                        United States District Judge