**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID RAGLAND, #1290652,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **USDC 3:08-CV-1058-L** |
| | ) | **USCA 08-11136** |
| **NATHANIEL QUARTERMAN,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on February 20, 2009, Petitioner's notice of appeal and motion for extension of time to file a notice of appeal filed on December 1, 2008, has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Treating a statement in Petitioner's notice of a appeal as a request for extension of time, the Fifth Circuit Court of Appeals remanded this case to determine whether Petitioner can show excusable neglect or good cause for not meeting the deadline for filing a timely notice of appeal under Fed. R. App. P. 4(a)(5).  In response to this court's briefing order, Petitioner filed a response on March 17, 2009.

On October 16, 2008, the District Court accepted the recommendation of the undersigned magistrate judge and entered judgment dismissing Petitioner's habeas corpus petition with prejudice as barred by the one-year limitations period.  On October 20, 2008, Petitioner received an "official laying pass" advising him that he had pertinent legal mail that he should pick up the following day.  On October 21, 2008, all Texas prison units were placed on lock-down status.

While Petitioner was able to receive his legal mail – i.e. the order of acceptance and judgment dismissing his case – he alleges he was denied access to legal material to prepare a request for certificate of appealability and a notice of appeal until the lock down was lifted on November 10, 2008.  (Dec. 1, 2008 Notice of Appeal at 3, and Mar. 17, 2009 Response to court's order).  Petitioner alleges he "made all efforts to reasonably procure pertinent legal material in re: COA and appeal." (*See* Mar. 17, 2009 Response).  He submitted several I-60 requests and wrote a letter to staff.  (*Id.*).  As a result of his good efforts, he acknowledges preparing a notice of appeal, outlining his difficulties and requesting an extension of time, a motion to proceed *in forma pauperis* with a certificate of trust account*,* and a request for certificate of appealability (COA) along with a twenty-page brief in support.  He attests placing the above pleadings in the prison mail box on November 21, 2009.[1]

As the Fifth Circuit noted in its order of remand, Petitioner had until November 17, 2008, to file a timely notice of appeal.  *See* Fed. R. App. P. 4(a)(1)(A) (providing for a thirty-day period to appeal), and Fed. R. App. P. 26(a)(3) (setting out rules for computing time).  He missed that deadline by four days, even considering the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  A district court may extend the time for filing a notice of appeal by thirty days if the petitioner can show excusable neglect or good cause for not meeting the deadline.  *See* Fed. R. App. P. 4(a)(5).[2]

---

[1]     The certificate of trust account attached to Petitioner's motion to proceed *in forma pauperis*, was printed on November 21, 2008.

[2]     Federal Rule of Appellate procedure 4(a)(5) reads as follows:
**(5) Motion for Extension of Time.**

    **(A)** The district court may extend the time to file a notice of appeal if:

        **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

Petitioner's pleadings, even when liberally construed in accordance with his *pro se* status, fail to meet the above standard.  Petitioner concedes the prison lock down was lifted on November 10, 2008, seven days before the thirty-day deadline for filing a timely notice of appeal.  Petitioner did not make a conscientious effort to file a timely notice of appeal during the remaining seven-day period.  Petitioner spent valuable time preparing a lengthy, twenty-page, brief in support of his COA request, instead of filing a short pleading giving notice of his intent to appeal.  Having failed to show good cause or excusable neglect, the District Court should deny Petitioner's motion for an extension of time to appeal.

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion for extension of time to file a notice of appeal be DENIED, and that the Clerk be directed to RETURN the

---

**(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, and that party shows excusable neglect or good cause.

**(B)** A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

**(C)** No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

appeal to the Fifth Circuit Court of Appeals for further proceedings.

A copy of this recommendation will be mailed to Petitioner.

Signed this 30th day of March, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.